UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY MESSMER,<br><br>            Plaintiff,<br><br>      v.<br><br>JOSEPH LEHMAN,<br><br>            Defendant. | Case No.  C04-5771RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**<br>**August 5th, 2005** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion to dismiss.  (Dkt. # 11).  Plaintiff has not responded.  Local Rule 7 (b)(2) in part states:

> If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

### FACTS

Plaintiff was an inmate serving a sentence with the state department of corrections.  When plaintiff was released from the department of corrections he was detained for civil commitment as a sexually violent predator by the department of social health services.  Plaintiff did not state in the complaint when his alleged earned early release date was, but he does indicate he was released by the department of corrections on

REPORT AND RECOMMENDATION
Page - 1

February 13th, 1997. (Dkt. # 9). This action was not filed until November 10th, 2004. (Dkt. # 1). Defendant Lehman moves to dismiss the action based on a running of the statute of limitations. (Dkt. # 11).

## DISCUSSION

A court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983), <u>citing</u>; <u>Conley v. Gibson</u>, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. <u>Keniston v. Roberts</u>, 717 F.2d 1295 (9th Cir. 1983).

A.   <u>Statute of limitations</u>.

The Civil Rights Act, 42 U.S.C. § 1983, contains no statue of limitations and the federal courts use the applicable statute of limitations from the state in which they sit. In Washington the statute of limitations for filing a civil rights action is three years. <u>Rose v. Rinaldi</u>, 654 F.2d 546 (1981).

Plaintiff alleges he was not released on his earned early release date and was held until February 13th, 1997. (Dkt. # 9). While plaintiff was being held he could not have filed a civil rights action as he would have been challenging the fact or duration of his confinement and his remedy would have been to file a habeas petition. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Once he was released from the custody of the department of corrections plaintiff no longer had standing to file a habeas petition challenging his criminal sentence as he was not in custody on that conviction. Under 28 U.S.C. § 2254, the district court may entertain an application for a writ of habeas corpus only from a person in custody pursuant to the judgment of a state court. The custody requirement of the habeas corpus statute is designed to preserve the writ as a remedy for severe restraints on individual liberty. <u>Hensley v. Municipal Court, San Jose Milpitas Judicial District</u>, 411 U.S. 345, 351 (1973). The person must be in custody pursuant to the conviction or sentence under attack at the time the petition is filed. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989); <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968).

When habeas was no longer available on February 13th, 1997 the three year statute began to run and plaintiff had until February 13th, 2000 to file his action. This action was filed four years and nine months after

REPORT AND RECOMMENDATION
Page - 2

the running of the statute of limitations.  Defendant Lehman is entitled to dismissal.

CONCLUSION

This action is time barred.  The defendant's motion to dismiss should be **GRANTED.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 5th, 2005**, as noted in the caption.

DATED this 11th day of July, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3